UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DONALD ALEXANDER SPICE,

                  Petitioner,                Case No. 1:21-cv-180

v.                                         Honorable Hala Y. Jarbou

JOHN DAVIDS,

                  Respondent.

_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court conducted a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases. The Court concluded that Petitioner had failed to timely file his petition and allowed Petitioner 28 days to show cause why his petition should not be dismissed as untimely. (Op. and Order, ECF Nos. 3, 4.) Petitioner responded on March 26, 2021. (ECF No. 5.)

        In the March 2, 2021 opinion, the Court also determined that even if Petitioner's habeas claim were timely, it would be properly dismissed because the claim is procedurally defaulted and not cognizable on habeas review. Petitioner's response to the order to show cause seeks reconsideration of those determinations as well.

**I.      Cause for the untimely petition**

        The Court set out a detailed procedural history of Petitioner's prosecution and his attempts to obtain the trial transcripts in the March 2, 2021 opinion. That opinion is incorporated herein by reference. The salient dates are summarized below.

Petitioner's judgment of sentence was entered in the Kent County Circuit Court on July 13, 2016.  He did not appeal the judgment of sentence.  Petitioner notes that he did not have the necessary form, that he requested a copy of the form, but was denied the copy for lack of funds on August 12, 2016.  A review of Petitioner's account statement during that time indicates that he may not have had the funds that day, but he had sufficient funds for the copy costs just four days later.  Nonetheless, Petitioner did not file an appeal as of right within the 42-day deadline or an application for leave to appeal within the six-month deadline.

After the deadlines for a timely appeal as of right or by leave had passed, Petitioner commenced a campaign to obtain, at public expense, transcripts of the trial proceedings.  On March 7, 2018, the trial court denied Petitioner's request for transcripts because he had failed to demonstrate good cause.  Petitioner filed a delayed application for leave to appeal the denial on December 10, 2018.  The court of appeals denied leave because the application was tardy.  Petitioner then sought leave to appeal that decision in the Michigan Supreme Court.  That court denied leave by order entered July 29, 2019.  Petitioner then filed a petition for certiorari in the United States Supreme Court which was denied on April 6, 2020.

On February 25, 2021, the Court received the habeas petition.  It was postmarked on February 23, 2021.  Petitioner did not provide the date that he signed the petition or the date that he handed the petition over to prison authorities for mailing, even though the habeas corpus petition form required by the Court called for Petitioner to provide that information.  Petitioner signed his brief, however, on October 26, 2020.  In Petitioner's response, he indicates he mailed the petition on February 22, 2021.  That is the earliest possible date Petitioner "filed" his petition.

Petitioner raises only one issue in his petition:

2

> I.  Whether Spice was denied protections afforded by the United States Constitution as formulated by United States Supreme Court precedent, when [the] trial court denied Spice any of the requested transcripts, including the jury trial, for use in a post-conviction appeal, based solely on Spice's indigency, despite showing "good cause" by specifically articulating alleged errors, where error occurred, and supporting case law, after the state had denied Spice the ability to file an appeal of right, for lack of 10¢ in his prison account, to purchase an appeal of right form?

(Pet'r's Br., ECF No. 2, PageID.14.)  Thus, Petitioner challenges only the state courts' refusal to provide him transcripts.

The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA) provides a one-year period of limitation for habeas corpus actions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, the period of limitations runs from the date the judgment became final.  Petitioner's judgment became final on January 13, 2017, six months after his judgment of conviction and sentence was entered.  That was the last day he could timely seek review of his

3

judgment of conviction and sentence.  *See* Mich. Ct. R. 7.205(G).  Thus, one year later, on January

13, 2018, Petitioner's period of limitation expired.

In the opinion and order inviting Petitioner to show cause for his late filing, the

Court identified three ways Petitioner might demonstrate a timely filing despite his failure to file

by January 13, 2018: (1) statutory tolling during the pendency of a collateral motion challenging

his convictions or sentences; (2) equitable tolling; and (3) a claim of actual innocence rendering a

timeliness dismissal manifestly unjust.  Petitioner does not claim actual innocence; but he does

make statements that at least implicate statutory and equitable tolling.  Petitioner also invokes a

fourth possibility; he suggests that the period of limitation did not begin to run when the judgment

became final, as provided by § 2244(d)(1)(A), because he was prevented from filing by state

action.  Petitioner suggests instead that the period of limitation began to run later, after the

impediment to filing was removed, as provided by § 2244(d)(1)(B).

### 1.      Statutory tolling

The running of the statute of limitations is tolled when "a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001)

(limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S.

4, 8 (2000) (defining "properly filed").  Although Petitioner has diligently sought production of

his trial transcripts from January of 2017 through April of 2020, when the United States Supreme

Court denied his petition for certiorari, that effort is not "a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim."  Indeed, a

motion seeking transcripts is a textbook example of a post-conviction motion that is ***not*** an

application for collateral review and, thus, does ***not*** toll the period of limitation under the statute.

*See, e.g., Johnson v. Randle*, 28 F. App'x 341, 343 (6th Cir. 2001); *Lancaster v. Alameida*, 51 F.

App'x 765, 766 (9th Cir. 2002); *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003).  Only "a

judicial reexamination of a judgment or claim in a proceeding outside of the direct review process"

would qualify as a collateral review of the judgment.  *Wall v. Kholi*, 562 U.S. 545, 553 (2011).

Petitioner's motions sought transcripts, not a collateral review of his judgment.

Certainly, with the transcripts in hand, he could initiate a request for collateral review, but the

requests for transcripts were not, in and of themselves, requests for such review.  That is so even

though Petitioner, to establish "good cause," described potential challenges he might collaterally

raise.  Indeed, Petitioner made clear that he did not believe he could mount his collateral challenges

unless and until the court provided the trial transcripts.

Moreover, even if the motion seeking free transcripts sufficed to statutorily toll the

period of limitation, it would not suffice to toll the period long enough to render the petition timely.

The statute tolls the period only so long as a "properly filed application . . . is pending."

Petitioner's application for leave to appeal from the denial of his motion for transcripts was not

"properly filed" as required by § 2244(d)(2) to toll.  "Properly filed" means that the document's

> delivery and acceptance are in compliance with the applicable laws and rules
> governing filings.  These usually prescribe, for example, the form of the document,
> the time limits upon its delivery, the court and office in which it must be lodged,
> and the requisite filing fee.

*Artuz,* 531 U.S. at 8.  Petitioner's application for leave to appeal was dismissed "because appellant

failed to file the application within the time period required by MCR 7.205(G)(3)."  (Mich. Ct.

App. Ord., ECF No. 2-12, PageID.107.)  This type of deficiency in filing renders Petitioner's

application for leave to appeal not "properly filed" for purposes of § 2244(d)(2).

Petitioner's motion seeking the production of transcripts at public expense

remained pending until the time for filing his application for leave to appeal to the Michigan Court

of Appeals expired.  *Holbrook v. Curtin*, 833 F.3d 612 (6th Cir. 2016).  The last day Petitioner

could timely file his application for leave to appeal, and, thus, the last day Petitioner's motion was properly filed and pending, was September 7, 2018.  Petitioner did not file his petition until more than two years after that date.  Thus, even if the motion for transcripts tolled the period of limitation, his petition was still untimely.

Even if the motion for transcripts tolled the period of limitation and even if Petitioner's properly filed motion remained pending despite the late filing of his application for leave to appeal to the Michigan Court of Appeals, his petition was still untimely.  The Michigan Supreme Court denied Petitioner's application for leave to appeal on July 29, 2019.  Thereafter, by any definition, the motion was no longer pending and could no longer toll the period of limitation.

The period of tolling while a motion for collateral review is pending does not extend quite as far as the point in time at which a judgment becomes final on direct.  The judgment becomes final on the later of 90 days after the Michigan Supreme Court denies leave to appeal and the date the United States Supreme Court denies the petition for certiorari or decides the granted petition.  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

But, for a post-judgment motion seeking collateral review (or, in this case, seeking transcripts at public expense), Petitioner does not get the benefit of tolling during the 90 days he could timely file a petition for certiorari, during the time such a petition is pending, or until a granted petition is decided.  Instead, on collateral review, the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the *__state__* supreme court.  *Lawrence v. Florida*, 549 U.S. 327 (2007).  The statute is not tolled during the time that a Petitioner petitions for **a** writ of certiorari in the United States Supreme Court.  *Id.* at 332.

The period of statutory tolling, if such a period existed at all, would have ended, at the very latest, on July 29, 2019.  One year thereafter, on July 29, 2020, the period of limitation expired.  Thus, even in the most favorable possible interpretation of statutory tolling, the petition is late.

In response, Petitioner contends that the Kent County Circuit Court order denying his motions for transcripts was invalid because it was not dated.  For that reason, Petitioner contends that the motions "are still pending."  (Pet'r's Response, ECF No. 5, PageID.138.)

That reasoning, of course, would afford Petitioner no relief because the motion for transcripts is not a motion that tolls the period of limitation under the statute.  Moreover, whether or not a properly filed application for collateral review is pending is determined by state law.  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("What we intimated in *Saffold* we now hold: When a postconviction petition is untimely **_under state law_**, 'that is the end of the matter' for purposes of § 2244(d)(2).") (emphasis added).  The court of appeals' determination that Petitioner's application for leave to appeal was untimely "is the end of the matter."  The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").  Moreover, the court of appeals could not conclude that the time for appealing the order denying transcripts had passed without necessarily concluding that the order had in fact been properly entered.[1]   That

---

[1] That result is not surprising in that the factual premise of Petitioner's argument is not correct.  He contends that the order is invalid because it is not dated.  The order in the Kent County Circuit Court file, however, is stamped "filed" on March 7, 2018.  That is not simply the docket entry, as Petitioner suggests, it is on the document itself.

determination also binds this Court.  Thus, Petitioner's contention that his collateral motions are still pending is simply wrong.

In summary, Petitioner's motion for transcripts does not entitle him to statutory tolling and, even if it did, and assuming the longest possible statutory tolling period, the petition is still untimely.

### 2.    Equitable tolling

In the Court's opinion inviting Petitioner to show cause, the Court reviewed the materials Petitioner had filed to date and concluded that he had not shown any reason that the statute of limitations should be equitably tolled.  In response, Petitioner mentions the words "equitable tolling" and offers a colorable reason to equitably toll the period of limitations from October of 2020 to February of 2021 based on prison lockdowns because of the COVID-19 threat. But, beyond that, he focuses entirely on his claim that his appeal from the order denying transcripts was, in fact, timely.  That argument offers no ground to equitably toll the period of limitation.

A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly."  *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418).

A prisoner's lack of access to transcripts is not an extraordinary circumstance warranting equitable tolling.  *See Hall v. Warden*, 662 F.3d 745, 750–51 (6th Cir. 2011). Moreover, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may

have been unaware of the statute of limitations does not warrant tolling.  *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

In *Ata*, 662 F.3d at 741–42, the Sixth Circuit held that mental incompetence may be an extraordinary circumstance within the meaning of *Holland*, 560 U.S. at 631.  Merely stating that a petitioner is mentally ill or incompetent, however, is not enough.  To prove mental incompetence that would toll the statute of limitations, "a petitioner must demonstrate that (1) he is mentally incompetent, and (2) his mental incompetence caused his failure to comply with the AEDPA's statute of limitations." *Ata,* at 742.  "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations.  Rather, a causal link between the mental condition and untimely filing is required." *Id.*   In addition, the court applied the standard set forth in *Schriro v. Landrigan*, 550 U.S. 465, 474–75 (2007), to determine whether the petitioner has made a sufficient showing to warrant an evidentiary hearing.  An evidentiary hearing is only required when the petitioner's allegations are sufficient to support equitable tolling and the assertions are not refuted by the record or otherwise without merit. *Ata*, at 742.  Petitioner has offered nothing in his response that suggests that mental illness or incompetence interfered with Petitioner's filing of his habeas petition.  Indeed, Petitioner's ability to litigate his transcript issue all the way to the Supreme Court suggests that he was not hindered.

The COVID-19 lockdown might be considered an extraordinary circumstance; but it did not "prevent[] timely filing." *Holland,* 560 U.S. at 649.  The petition was already almost three years overdue, and even under the most generous interpretation of the facts and law at least

three months overdue, when Petitioner claims the COVID-19 shutdown impacted his ability to complete and file the petition.  "Equitable tolling, like statutory tolling, does not operate to revive an expired limitations period."  *Barnes v. Harry*, No. 5:16-cv-13944, 2019 WL 5895826, at \*6 (E.D. Mich. Nov. 12, 2019) (collecting cases); *see also Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008).  Therefore, equitable tolling does not render the petition timely.

### 3.      Removal of a state impediment to filing

Petitioner contends that the state impeded his filing and, therefore, under 28 U.S.C. § 2244(d)(1)(B) the period of limitation should run from the date the impediment was removed. The impediment Petitioner identifies, however, is not an impediment to the timely filing of his petition, it was an impediment to the timely filing of his application for leave to appeal to the Michigan Court of Appeals.  (Pet'r's Response, ECF No. 5, PageID.139.)  Petitioner claims he gave the pleading to prison officials to mail within the deadline.  As noted above, however, the court of appeals determination as to the timeliness of Petitioner's appeal is a state law issue that was conclusively decided against Petitioner by the Michigan Court of Appeals.  Moreover, even if the court of appeals erred with regard to the timeliness of Petitioner's appeal, Petitioner does not explain how the prison official's failure to mail Petitioner's appeal papers to the state court of appeals in 2018 impeded him in filing his habeas petition.  Accordingly, the alternative period of limitation commencement date offered by § 2244(d)(1)(B) does not afford Petitioner any relief.

## II.      Procedural default and habeas review cognizability

Although the Court directed Petitioner to address the timeliness of his petition, Petitioner's response also speaks to the Court's alternative determinations that review of Petitioner's claim is barred by his procedural default and raises an issue that is not cognizable on habeas review.  The Court considers Petitioner's challenges to those determinations as a motion for reconsideration under Federal Rule of Civil Procedure 54(b).

10

Under Rule 54(b), a non-final order is subject to reconsideration at any time before entry of a final judgment. *Id.*; *see also ACLU v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010). Western District of Michigan Local Civil Rule 7.4(a) provides that "motions for reconsideration which merely present the same issues ruled upon by the court shall not be granted." Further, reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the court and the parties have been misled . . . [and] that a different disposition of the case must result from a correction thereof." *Id.*

Petitioner indicates his disagreement with the Court's conclusion regarding procedural default. He claims he has established cause for his failure to timely file his appeal in the Michigan Court of Appeals. Petitioner submitted with his petition and supporting brief a Disbursement Authorization form which purports to be the disbursement authorization for his appeal of the trial court's order denying his requests for transcripts. (ECF No. 2-5, PageID.86.) It is dated April 16, 2018. Petitioner does not explain how the disbursement form demonstrates cause. The appeal filing that was rejected as untimely was filed in December 2018. Even if Petitioner prepared an application for leave to appeal in April of 2018 that was not mailed as he requested, he had months to correct the problem. Petitioner was no stranger to the appellate process in Michigan. *See* https://courts.michigan.gov/opinions_orders/case_search/pages/ default.aspx?SearchType=2&PartyName=spice+donald&CourtType_PartyName=3&PageIndex =0&PartyOpenOnly=0 (visited Mar. 30, 2021). Moreover, these are exactly the arguments that Petitioner raised in his petition and supporting brief initially and that the Court rejected. He has presented nothing new and nothing that might be characterized as a palpable defect. Accordingly, the Court will not reconsider its earlier determination that Petitioner's claim regarding transcripts is procedurally defaulted.

Even if Petitioner's claim were not procedurally defaulted, it would still be properly dismissed because it is not cognizable on habeas review.  Petitioner claims that he is entitled to relief under Mich. Ct. R. 6.433(C) or, if the rule does not require relief, that denial of relief violates his due process and equal protection rights.

Petitioner's claim that the state did not follow its own rule is not cognizable on habeas review.  The extraordinary remedy of habeas corpus lies only for a violation of the Constitution.  28 U.S.C. § 2254(a).  As the Supreme Court explained in *Estelle*, 502 U.S. at 62, whether or not a state court correctly applied its own law "is no part of the federal court's habeas review of a state conviction . . . [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."  *Id*. at 67–68.  As noted above, the decision of the state courts on a state-law issue is binding on a federal court.  *See Wainwright*, 464 U.S. at 84; *see also Bradshaw*, 546 U.S. at 76.  The state court's decision that the rule did not entitle Petitioner to post-conviction transcripts at government expense, therefore, is axiomatically correct on habeas review.

In *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986), the court concluded that a habeas petition must directly dispute the fact or duration of confinement."  *Id*. at 248.  That the ultimate goal might be release from confinement was not sufficient if "the result of the specific issues before [the court was] not in any way related to the confinement."  *Id*.  Petitioner's attack on the state court's rejection of his post-conviction request for free transcripts is likewise not cognizable on habeas review.  That claim does not seek immediate or quicker release from custody, it simply seeks transcripts, because the denial of such transcripts, Petitioner contends, is unconstitutional.  That relief might be available in an action under 42 U.S.C. § 1983, but it is not available under 28

12

U.S.C. § 2254.  Petitioner's claim for the unconstitutional denial of free transcripts does not warrant habeas relief.

Petitioner contends the Court erred.  He points to the decisions in *Sanders v. Lafler*, 618 F. Supp. 2d 724 (E.D. Mich. 2009), and *Dorn v. Lafler*, 601 F.3d 439 (6th Cir. 2010), as demonstrating that denials of appellate process are proper subjects of habeas review.  *Sanders* concerned the denial of appointment of appellate counsel for direct review of a conviction and sentence.  *Dorn*, likewise, concerned interference with the petitioner's filing of an appeal as of right from the judgment of conviction and sentence.  Both cases involved the denial of rights that called into question the validity of the petitioners' convictions and sentences.  If Petitioner's claim were like Sanders's claim or Dorn's claim, it would be cognizable on habeas review.  Petitioner's claim, however, involves collateral proceedings and, even if he prevailed—i.e., if the Court concluded Petitioner was constitutionally entitled to his trial transcripts at government expense— it would not call into question the validity of his convictions or sentences.  Petitioner's citations to *Sanders* and *Dorn* do not demonstrate a palpable defect in the Court's decision.  Accordingly, reconsideration is not warranted.

## III.    Certificate of Appealability

The Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."   28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on

13

procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely.

Petitioner application is also barred by procedural default and fails to raise an issue that is cognizable on habeas review. The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims on these grounds was debatable or wrong. Therefore, a certificate of appealability will be denied.

Moreover, although the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

Petitioner has failed to show cause to excuse the tardy filing of his habeas petition and he has failed to demonstrate a palpable defect in the Court's determinations that the claim raised in the petition is barred by procedural default and not cognizable on habeas review. Therefore, the Court will dismiss the petition as untimely, barred by procedural default, and not cognizable on habeas review. Additionally, the Court will deny a certificate of appealability. The

Court will enter an order and judgment accordingly, dismissing the petition with prejudice, denying a certificate of appealability, and denying Petitioner's requests for reconsideration.

Dated:    March 31, 2021                                     /s/ Hala Y. Jarbou
                                                             HALA Y. JARBOU
                                                             UNITED STATES DISTRICT JUDGE